[No. 15167. Department One. March 28, 1919.]

EDWIN T. BATES, *Respondent,* v. LITTLE & KENNEDY COMPANY, *Appellant.*[1]

SALES (53)—RESCISSION BY BUYER—EVIDENCE OF FRAUD—SUFFICIENCY. The evidence is insufficient to warrant a rescission by the purchaser of a sale of an automobile, for fraud by the seller in representing the car to be the latest style and type, where the one sold was inspected by the buyer, was of the latest design of its class, no representations were made inconsistent with the facts, and a new design was not announced until three months later, nor ready for delivery for six months.

Appeal from a judgment of the superior court for Pierce county, Card, J., entered July 24, 1918, upon findings in favor of the plaintiff, in an action to rescind a contract to purchase an automobile, tried to the court. Reversed.

*Burkey, O'Brien & Burkey,* for appellant.

*W. A. Johnson* and *Charles A. Wallace,* for respondent.

MITCHELL, J.—On March 14, 1918, respondent, Edwin T. Bates, purchased an automobile, a six-cylinder Studebaker roadster, from appellant for $1,607.70. In payment therefor, he delivered to appellant a used Scripps-Booth roadster, at an agreed price of $700, paid $500 in cash, and for the balance gave his promissory note in the sum of $407.70, due on June 12, 1918, with interest at eight per cent per annum from date, not as payment, but as evidence of the debt additional to a conditional sale agreement of the roadster entered into between the parties on the same day. On March 18, 1918, he was given a credit of $31.80 on the note. On March 23, 1918, claiming he had been defrauded in

[1] Reported in 179 Pac. 794.

the sale, he instituted this action to rescind the contract, to recover $1,231.80 already paid, and for a cancellation of his outstanding note of $407.70, and at the same time made a tender of the roadster. Appellant answered, denying all allegations of fraud; and on June 14, 1918, two days after maturity of the note, filed a cross-complaint on the note and the conditional sale agreement, and asked judgment and foreclosure accordingly. The case was tried on June 19, 1918, resulting in a judgment in favor of respondent for all the relief demanded. Little & Kennedy Company, a corporation, has appealed.

The parties lived in Tacoma, and had been acquainted with each other a number of years. The respondent was a clothing merchant, and appellant had, for some four years, been engaged in selling Studebaker cars, and also handling second-hand or used cars. Commencing about March 10, 1918, appellant advertised what is termed a "trade-in sale," by which it was proposed to take in used cars to apply on the purchase price of new Studebaker cars. Respondent owned two automobiles, one a Scripps-Booth roadster; both of which he had used for some time. He became interested and made the trade out of which this action arose. The gist of his complaint is that the appellant represented it would sell to him a six-cylinder Studebaker roadster of the latest type and model; and that, relying thereon, he purchased and accepted one believing it was of the latest style and type; "that, as a matter of fact, the Studebaker roadster delivered to plaintiff is not a Studebaker automobile of the latest type and style, but is a 1917 Studebaker automobile, and is actually worth less than the sum which the plaintiff agreed to pay to the defendant;" by means of which false and fraudulent representation he claims to have been defrauded.

At the trial, he testified that, in opening the deal, he said, "Yes, I told him I wanted a roadster." On March 13th, two of appellant's salesmen took respondent to the storage rooms of appellant and exhibited to him the identical Studebaker roadster in question, and represented it was the latest make or style of roadster put out by the Studebaker factory. Respondent at that time purchased it, and signed a "retail sales order" for it, using the fender of the roadster as a support in signing the order. In this order, which was filled in by the salesman of the used-car department, and who was not familiar with technical descriptions of new cars, the roadster was described as "a new 1918-6-Studebaker roadster;" when, as a fact, its proper description was "Series '18-6-Studebaker roadster," and was so described in the write-ups of the "trade-in sales" advertisements, and in the final conditional sale agreement signed by both parties the next day, when this identical car was delivered to respondent.

To avoid confusion, it appears that, formerly, say in 1910, a car manufactured that year would be called a 1910 car; while lately, a car manufactured, say in the fall of 1917, would be designated Series '18. At the time of the sale, respondent told appellant he preferred to wait two or three months if there was a prospect of a later style roadster being put on the market within that time by the Studebaker company; but was informed by appellant that it had no information of any such outlook.

Within a few days after the purchase, someone informed respondent his new roadster was of the 1917 manufacture, and that the Studebaker company had already announced its new '19 Series cars. Respondent consulted a recent issue of a magazine called "Automobile Topics," and noticed therein the official an-

nouncement by the Studebaker company of its new '19 Series cars, and introduced the magazine in evidence at the trial. Concluding he had been defrauded, he tried, without success, to trade back with appellant, and then promptly brought this action on March 23, 1918. At the trial, respondent offered no evidence of value of the roadster at the time it was purchased or at any other time. In addition to the facts above mentioned, the evidence satisfactorily shows as follows:

That the new '19 Series of Studebaker cars, announced in Automobile Topics, consisted of three models: "a 5-passenger four," "a 5-passenger six," and "a 7-passenger big six," but no roadster; that the roadster sold was a new car, and the latest model of roadster put out by the Studebaker company; that, between the date of the sale and the trial of this action, three months later, appellant sold in Tacoma about 75 new roadsters of the same series and model; and, at the date of trial, had one or two carloads more of the same *en route* to Tacoma for sale; that the market value of the roadsters had increased $100 each since the date of sale to respondent, the prices of new cars being at all times fixed by the manufacturing company; that, at the date of sale to respondent, notwithstanding an outstanding yearly contract with the manufacturer for different kinds and models of their cars as put out, appellant had in no manner learned or heard of any later model of roadster to be put out by the company, but did know at that time of new designs of touring cars soon to appear; and that, at the date of trial, no new model or style of Studebaker roadster had appeared, except about May 26th, 60 days after the sale to respondent, appellant learned, and later received a sample, of a newer style Studebaker 4-cylinder roadster, a few of which had been manufactured and placed around with agents for advertising purposes

months before they would yet be manufactured in the factory run for general sale and delivery later on and in the fall of 1918.

On the facts, notwithstanding the opinion of the trial court, we are convinced the case must be decided in favor of the appellant. Appellant made no representation inconsistent with the facts nor withheld any information it possessed as to future makes of roadsters. The one sold was new and of the latest design. It was selected by respondent upon a personal examination. The style was still popular and salable more than three months later, at which time it had then been learned a later styled roadster would be on sale some three or four months yet in the future.

At the trial, respondent admitted the maturity, demand, and nonpayment of the note and conditional sale agreement, as alleged in the cross-complaint of appellant.

The judgment is reversed, and the cause remanded with directions to the lower court to enter judgment against respondent and in favor of appellant in accordance with the allegations of its cross-complaint.

CHADWICK, C. J., MAIN, MACKINTOSH, and TOLMAN, JJ., concur.